# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10654
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 12, 2014
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TED ROSS,

Defendant-Appellant

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 1 0 2014
CLERK, U.S. DISTRICT COURT
By_____
        Deputy

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:93-CR-166-3

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Ted Ross, federal prisoner # 24510-077, requests leave to proceed in forma pauperis (IFP) from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, which sought a sentence reduction pursuant to the recent amendments to the Sentencing Guidelines that govern crack cocaine offenses, and from the denial of his motion for reconsideration. By moving to proceed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IFP, Ross challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Ross argues that the district court erred in finding, by a preponderance of the evidence, the drug quantity for which he was held accountable for sentencing purposes and that the district court committed procedural error in calculating his guidelines sentencing range. He also contends that his due process rights were violated when he was not given a copy of the probation officer's report stating that he was not eligible for a sentence reduction under § 3582(c)(2).

At the time of his sentencing, Ross had a base offense level of 42. The district court correctly determined that Ross's base offense level under U.S.S.G. § 2D1.1(c)(1), as amended, is 38. In determining whether Ross's applicable guidelines range was lowered by Amendment 750, the district court was allowed to consider only this lower base offense level and was required to "'leave all other guideline application decisions unaffected.'" *United States v. Garcia*, 655 F.3d 426, 430 (2011) (quoting U.S.S.G. § 1B1.10(b)(1)). That being the case, adding the two-level firearm enhancement and the three-level leadership-role enhancement, Ross would have had, under the amended

2

Guideline, a total offense level of 43 and a criminal history category of VI, resulting in an advisory guidelines sentencing range of life in prison. Thus, Ross's guidelines imprisonment range was not lowered by the effect of Amendment 750, and the district court did not err in denying relief under § 3582(c)(2). § 3582(c)(2); *see Doublin*, 572 F.3d at 237.

Ross has not demonstrated that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.